FILED

2014 JUN 19 PM 1:57

CLE____ ___ ____ ____
CENTRAL ____ ____
LOS ANGELES

BY _____

1  SEYFARTH SHAW LLP
   Jeffrey A. Wortman (State Bar No. 180781)
2  333 South Hope Street, 39th Floor
   Los Angeles, California 90071-1406
3  Telephone:  (213) 270-9600
   Facsimile:  (213) 270-9601
4
   SEYFARTH SHAW LLP
5  Jill A. Porcaro (State Bar No. 190412)
   Reiko Furuta (State Bar No. 169206)
6  2029 Century Park East, 35th Floor
   Los Angeles, California 90067-3021
7  Telephone:  (310) 277-7200
   Facsimile:  (310) 201-5219
8
   Attorneys for Defendants
9  BLUE CROSS OF CALIFORNIA, ANTHEM
   BLUE CROSS LIFE AND HEALTH
10 INSURANCE COMPANY, THE WELLPOINT
   COMPANIES, INC. and THE WELLPOINT
11 COMPANIES OF CALIFORNIA, INC.

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

   CV14-4744 MMM (CWx)

14 EBONY BRIDEWELL-SLEDGE and        Case No.
   BETTIE PERRY, as individuals, on
15 behalf of themselves and all others
   similarly situated,
16                                    **DEFENDANTS' NOTICE OF**
                   Plaintiffs,        **REMOVAL**
17
         vs.
18
   BLUE CROSS OF CALIFORNIA, a
19 California corporation; ANTHEM BLUE
   CROSS LIFE AND HEALTH
20 INSURANCE COMPANY, a California
   corporation; and DOES 1 through 50,
21 inclusive,

22                 Defendants.

23

24

25

26

27

28
   _____
                                     NOTICE OF REMOVAL
   17477445v.1          CASE NO. _____

1   **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

2   **DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR**

3   **ATTORNEYS OF RECORD:**

4        **PLEASE TAKE NOTICE** that Defendants Blue Cross of California ("BCC"),

5   Anthem Blue Cross Life and Health Insurance Company ("ABC"), The WellPoint

6   Companies, Inc. ("WC") and The WellPoint Companies of California, Inc. ("WCoC")

7   (collectively "Defendants") hereby remove the above-referenced action from the

8   Superior Court of the State of California for the County of Los Angeles, to the United

9   States District Court for the Central District of California, asserting original

10  jurisdiction under 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act of 2005

11  ("CAFA")), and removal jurisdiction under 28 U.S.C. §§1441(a) and 1446, and state

12  that removal is proper for the following reasons.

13                          **BACKGROUND**

14        1.     Plaintiffs Ebony Bridewell-Sledge ("Bridewell-Sledge") and Bettie Perry[1]

15  (collectively "Plaintiffs") filed this action against BCC and ABC on October 20, 2011,

16  in the Superior Court for the County of San Francisco, entitled: *Ebony Bridewell-*

17  *Sledge and Bettie Perry, as individuals, on behalf of themselves and all others*

18  *similarly situated v. Blue Cross of California, a California corporation; Anthem Blue*

19  *Cross Life and Health Insurance Company, a California corporation; and Does 1*

20  *through 50, inclusive*, San Francisco County Superior Court Case No. CGC -11-

21  515251 (the "Complaint"). A copy of the Complaint is attached hereto as Exhibit A.

22        2.     In their Complaint, Plaintiffs purport to bring claims on behalf of

23  themselves and two proposed plaintiff classes: "CLASS A: All African-Americans

24  employed by Defendants within the State of California from September 2007 through

25  the present" and "CLASS B: All female employees employed by Defendants within

26  the State of California from September 2007 through the present". (Comp., ¶ 9.)

27  ─────────────────

28  [1] Defendants are informed and believe that Bettie Perry passed away in September, 2013.

NOTICE OF REMOVAL

CASE NO. _____

3.     In their Complaint, Plaintiffs purport to assert claims against BCC and ABC on behalf of the putative classes for Employment Discrimination (Pay - Race), Employment Discrimination (Pay - Gender), Violation of California Equal Pay Act (Cal. Labor Code § 1197.5), and Unfair Competition (Cal. Bus. & Prof. Code § 1720O *et seq*).  (Comp., ¶¶ 23-54.)

4.     BCC and ABC filed a motion to transfer the case to Los Angeles Superior Court before responding to the Complaint.  On January 26, 2012, the Court granted BCC and ABC's motion to transfer the case to Los Angeles Superior Court.  The case files were subsequently transferred to Los Angeles Superior Court and on April 19, 2012, the Los Angeles Superior Court assigned Case No. BC 481586 to the case.

5.     When the Complaint was filed, Plaintiffs were class members in a prior class action filed by the same lawyers in the Los Angeles County Superior Court entitled "*Early Strong v. Blue Cross of California, et al.*," Case No. BC 382405 (the "*Strong* case") that was on appeal.  Because of similar issues between the *Strong* case and the current case, the parties stipulated to postpone a response to the Complaint until the completion of all the appeals in the *Strong* case.

6.     After the completion of the appeals in the *Strong* case, BCC and ABC demurred to the Complaint on June 4, 2013.

7.     On July 19, 2013, the Court sustained BCC and ABC's demurrer in part.

8.     On August 8, 2013, BCC and ABC filed an Answer to the Complaint in the Los Angeles County Superior Court.

9.     On May 12, 2014, Plaintiffs filed Amendments to the Complaint to substitute WC for Doe 1 and WCoC for Doe 2.

10.     On May 21, 2014, Plaintiffs served WC and WCoC with the summons and Complaint by personal service on their agent for service of process.

11.     On June 17, 2014, WC and WCoC filed an Answer to the Complaint.

2

17477445v.1

## CLASS ACTION FAIRNESS ACT ("CAFA")

### A. Putative California Class.

12.    This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. § 1332(d)(2). CAFA's minimum diversity require: (1) at least one plaintiff and one defendant are citizens of different states; (2) at least 100 class members; and (3) in excess of $5 million in controversy, in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). As set forth below, this action is properly removable, pursuant to 28 U.S.C. § 1441(a), in that the district court has original jurisdiction over the action, because the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a class action in which at least one class member is a citizen of a state different from that of one of the defendants. 28 U.S.C. §§ 1332(d)(2) & (d)(6). Furthermore, the number of putative class members is greater than 100. (Comp., ¶ 11 ("PLAINTIFFS are informed and believe that Defendants, and each of them, employed more than 50 African-Americans and more than 50 females during the past four years.").)

### B. Citizenship of the Parties.

13.    Plaintiffs' Citizenship. Plaintiffs allege and Defendants are informed and believe, and on that basis allege, that Plaintiffs and the putative class members currently are residents of the State of California. (Comp., ¶¶ 1-2.) To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the U.S., and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994). Plaintiffs allege and Defendants are informed and believe, and on that basis allege, that Plaintiffs were domiciled in California while they worked in California, as alleged in the Complaint, and, therefore, Plaintiffs are, or were at the institution of this civil action, citizens of California. Moreover, some of the putative class members, as defined by

17477445v.1

1   Plaintiffs, who are currently employed by Defendants are domiciled in California.

2   (Declaration of Denise Held, ¶ 7.)

3       14.   <u>Defendant The WellPoint Companies, Inc.'s Citizenship</u>. Pursuant to 28

4   U.S.C. Section 1332(c), a "corporation shall be deemed to be a citizen of any State by

5   which it has been incorporated and of the State where it has its principal place of

6   business." WC is now, and ever since this action commenced has been, incorporated

7   under the laws of the State of Indiana. (Held Dec., ¶ 3.) WC is a citizen of the State of

8   Indiana, where its corporate headquarters are located. (Held Dec., ¶¶ 2-4.)

9       15.   The appropriate test to determine a corporation's principal place of

10  business is the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

11  Under the "nerve center" test, a corporation's principal place of business is the place

12  where its "officers direct, control and coordinate the corporation's activities." *Id.* at

13  1192. A corporation typically directs, controls and coordinates its activities from its

14  headquarters. *Id.*

15      16.   Under the "nerve center" test, WC's principal place of business is Indiana.

16  The majority of WC's executive and administrative functions are performed in

17  Indiana, where its corporate headquarters is located. WC's President maintains his

18  office in Indiana. (Held Dec., ¶ 4.) In addition, most of WC's executive officers have

19  their offices in Indiana. (*Id.*)

20      17.   As a result, WC is not now, and was not at the time of the filing of the

21  Complaint, a citizen of the state of California within the meaning of the Acts of

22  Congress relating to the removal of cases.

23      18.   <u>Doe Defendants</u>. Pursuant to 28 U.S.C. §1441(a), the residence of

24  fictitious and unknown defendants should be disregarded for purposes of establishing

25  removal jurisdiction under 28 U.S.C. §1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d

26  1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal

27

28

4

1  petition).  Thus, the existence of Doe defendants 3 through 100 does not deprive this

2  Court of jurisdiction.

3      **C.    Amount in Controversy Exceeds $5,000,000.**

4      19.    The claims of the individual members in a class action are aggregated to

5  determine if the amount in controversy exceeds the sum or value of $5,000,000, even

6  when considering the state law claims only.  28 U.S.C. § 1332(d)(6).  In addition,

7  Congress intended for federal jurisdiction to be appropriate under CAFA "if the value

8  of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff

9  or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*,

10  damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report,

11  S. REP. 109-14, at 49.  Moreover, the Senate Judiciary Committee's Report on the

12  final version of CAFA makes clear that any doubts regarding the maintenance of

13  interstate class actions in state or federal court should be resolved in favor of federal

14  jurisdiction.  S. REP. 109-14, at 49 ("[I]f a federal court is uncertain about whether 'all

15  matters in controversy' in a purported class action 'do not in the aggregate exceed the

16  sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction

17  over the case . . . .  Overall, new section 1332(d) is intended to expand substantially

18  federal court jurisdiction over class actions.  Its provisions should be read broadly,

19  with a strong preference that interstate class actions should be heard in a federal court

20  if properly removed by any defendant").

21      20.    Although Plaintiffs have not alleged the amount of their individual

22  damages, or alleged the damages of the putative class in their Complaint (beyond

23  meeting the jurisdictional minimum of $25,000 for an unlimited civil action), based on

24  Plaintiffs' allegations, the alleged amount in controversy in this putative class action

25  exceeds, in the aggregate, $5,000,000.

26      21.    The Complaint alleges putative classes of all African-Americans

27  employed by Defendants within the State of California since September 2007 to

28

5

17477445v.1

present and all female employees employed by Defendants within the State of California since September 2007 to present. (Comp., ¶ 9.)  During the period from September 2007 through the present, Defendants employed approximately 1,387 African Americans and approximately 8,251 women in California.  (Held Dec., ¶ 6.)

22.    Defendants deny that Plaintiffs or the proposed Class A and Class B are entitled to anything by the Complaint, as Plaintiffs' claims rest on faulty assumptions and erroneous legal conclusions.  Nevertheless, the amount in controversy is dictated by Plaintiffs' claims in the Complaint, not the merits.  All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission, the truth of the facts alleged and assuming liability is established. Plaintiffs allege multiple sources of state law potential remedies in the Complaint including compensatory damages for past and future lost wages, consequential damages, general damages, restitution for all wages lost as a result of being denied equal pay, interest, attorneys' fees, costs, injunctive relief and punitive damages. (Comp. Prayer, ¶¶ 1-21.)

23.    As is set forth below, based on the number of putative class members in the proposed classes and Plaintiffs' claims in the Complaint, the amount in controversy as alleged in the Complaint exceeds $5,000,000.  As Plaintiffs have not alleged their particular damages, reasonable estimates of the alleged amount in controversy are appropriate. *See Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 688-90 (9th Cir. 2006) (the preponderance of evidence standard applies where a plaintiff "seeks no specific amount in damages," and a court will consider facts in the removal petition to determine whether the jurisdictional requirements are met).

## 1.    The Claims In the Complaint Establish the Amount In Controversy.

24.    Plaintiffs' Complaint alleges employment discrimination for pay disparities on the basis of race and on the basis of gender.  Plaintiffs claim damages, on behalf of themselves and the putative class, for "substantial losses incurred in earnings,

6

bonuses, deferred compensation and other employment benefits . . ." as well as punitive damages and attorneys' fees and costs. (Comp., ¶¶ 31, 41 and Comp. Prayer, ¶¶ 1-21.) Plaintiffs further claim damages under the Equal Pay Act on behalf of the gender sub-class for "lost wages" and for "liquidated damages equivalent to the amount of lost wages . . ." (Comp., ¶¶ 44-45 and Comp. Prayer, ¶¶ 9-12.)

25.   Removal under CAFA may be upheld where the named plaintiff's total claim for damages is multiplied by the number of potential class members. *Frederico v. Home Depot*, 507 F.3d 188, 195-97 (3rd Cir. 2007) (multiplying named plaintiff's damages by number of putative class members to determine that the amount in controversy exceeded $5,000.000). Based on the approximate number of 9,638 putative class members, if each recovered $550 in earnings, bonuses and other wages allegedly lost due to the purported discrimination, the amount in controversy for damages would be $5,300,900, which would exceed the minimum amount in controversy required under CAFA.

26.   Plaintiffs are likely to claim that each putative class member is entitled to an award that greatly exceeds $550, based upon the damages the same plaintiffs' counsel requested in the *Strong* case. Plaintiffs' counsel in the current case asserted virtually the same claims and sought the same relief in the *Strong* case. A copy of the Second Amended Complaint in the *Strong* case is attached to the Declaration of Reiko Furuta as Exhibit A. One of the central issues in the *Strong* case was whether BCC and WC discriminated against African-American employees in its California facilities in terms of promotions and pay increases resulting from those promotions. (*Strong* Second Amended Complaint, ¶¶ 1-21, 60-68.) The *Strong* plaintiff requested $1,999,000 for all African-Americans employed by BCC and WC in California from December 15, 2003 to June 30, 2008 (date of filing of the Second Amended Complaint) for restitution "for all wages lost as a result of being denied promotion on the basis of race". (*Strong* Second Amended Complaint, ¶¶ 10, 65.) The proposed

7

putative class of African-Americans in the current case is larger than the putative class in the *Strong* case because the class period is approximately 6 3/4 years (September 2007 to present) whereas the class period in the *Strong* case was 4 1/2 years. Assuming, *arguendo*, the African-American class in the *Strong* case was the same size as the current proposed African-American class, the plaintiff in the *Strong* case requested damages in the amount of $1,441 per class member ($1,999,000/1,387 African-American class members). Multiplying $1,441 by 9,638 (all the proposed putative class members in the current case including the female class) would result in damages of $13,888,358, which far exceeds the amount in controversy minimum.

27. Moreover, should one of the Plaintiffs prevail at trial, it is more likely than not that the plaintiff would recover over $75,000 in damages (the minimum amount in controversy required for an individual plaintiff) as there have been, in recent years, several verdicts in race and/or gender discrimination cases involving promotions entered in favor of plaintiffs in California where the awarded damages exceeded $75,000. *See Conney v. University of California Regents,* 2004 WL 1969934 (Los Angeles Sup. Ct.) ($2,950,000 jury verdict awarded to employee for gender discrimination based on pay and promotion disparity); *Glenn-Davis v. City of Oakland,* 06-JV-495 (Alameda Sup. Ct.) ($2,000,000 jury award for discriminatory denial of promotion based on gender. Of this total, $150,000 covered past lost earnings.); *Comey v. County of Los Angeles, Department of Health Services,* 07-JV-999 (Los Angeles Sup. Ct.) ($768,286 jury award for gender discrimination for failure to promote); *Stallworth v. City of Los Angeles,* 2009 WL 2737022 (Los Angeles Sup. Ct.) ($225,798 jury award for discriminatory denial of promotion due to race). Plaintiffs' allegations that they were denied promotions on the basis of race and/or gender are similar to the issues in these cases. Defendants have attached these verdicts as Exhibit B to the concurrently filed Declaration of Reiko Furuta for the Court's review.

NOTICE OF REMOVAL
CASE NO. _____

17477445v.1

28.     If the sums from any of the above verdicts are multiplied by 9,638 - the total number of putative class members - the total claim for Classes A and B would far exceed $5,000,000.  On this basis alone, the Court should conclude that the $5,000,000 amount in controversy required by CAFA has been met.

29.     Moreover, a California jury rendered a class action verdict in a wage discrimination case based on race that far exceeded $5,000,000.  *Frank v. County of Los Angeles*, 2003 WL 23303500 (Los Angeles Sup. Ct.) ($42,670,559 jury award for a finding of a racial discriminatory pattern and practice in the classification and compensation of minority police officers).

### 2.     Punitive Damages.

30.     The Court must also consider Plaintiffs' request for punitive damages in determining the amount in controversy.  *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); Comp. Prayer, ¶ 20.)

31.     Plaintiffs' employers are large entities.  The economic resources of the defendants and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards.  *See, e.g., Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000).   In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award …. That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors …." (internal citations omitted).  Therefore, the request for punitive damages weighs in favor of establishing the amount in controversy.

### 3.     Attorney Fees Increase the Potential Amount in Controversy.

32.     The Complaint also seeks attorneys' fees for all four causes of action. (Comp., ¶¶ 32, 42, 45, 54; Comp. Prayer, ¶¶ 4, 8, 12, 17.)  Requests for attorneys' fees

9

17477445v.1

1   must be taken into account in ascertaining the amount in controversy. *See Galt G/S v.*

2   *JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's

3   fees to be included in amount in controversy, regardless of whether award is

4   discretionary or mandatory). Moreover, the potential for an award of mandatory

5   attorneys' fees is included in the amount in controversy analysis for the purposes of

6   removal under CAFA. *Lowdermilk v. U.S. Bank National Ass'n,* 479 F.3d 994, 1000

7   (9th Cir. 2007). Attorneys' fees may be awarded based on the lodestar method

8   (calculated by applying counsel's hourly rates to the time spent and a risk multiplier

9   where appropriate). *Staton v. Boeing Co.,* 327 F. 3d 938, 968 (9th Cir. 2003).

10       33.    Alternatively, the court may simply award counsel a percentage of the

11   fund recovered. *Hanlon v. Chrysler Corp.,* 150 F. 3d 1011, 1029 (9th Cir. 1998).

12   Although fees could be as much as thirty percent of the judgment, courts have accepted

13   that a fee estimate of twenty-five percent is appropriate for removal. See *In re Rite Aid*

14   *Corp. Securities Litigation,* 396 F.3d 294, 303 (3d Cir. 2005) (notes finding by Federal

15   Judicial Center of recovery ranging from 27% to 30% for class actions resolved or

16   settled over a four-year period); *Heejin Lim v. Helio, LLC,* No. CV 11–9183 PSG

17   (PLAx), 2012 WL 359304, at *3 (C.D. Cal. Feb. 2, 2012) (in CAFA removal,

18   defendant properly included attorney's fees in amount in controversy at 25% of the

19   potential damage award); *Molnar v. 1-800-Flowers.com, Inc.,* No. CV 08-0542 CAS

20   (JCx), 2009 WL 481618, at *5 (C.D. Cal. Feb. 23, 2009) (holding that in removal,

21   defendant fairly estimated attorney's fees in the action as 25% of the compensatory

22   damages); *Tompkins v. Basic Research LLC,* No. CIV. S-08-244 LKK/DAD, 2008

23   WL 1808316, at *4 (E.D. Cal. Apr. 22, 2008) (granting CAFA removal and holding

24   that, for the purposes of ascertaining the amount in controversy, 25% of the common

25   fund of total damages was a "fair estimate of attorneys' fees"). The Ninth Circuit has

26   awarded attorneys' fees of up to 25 percent of the recovery, although fees may be

27   adjusted or replaced by a lodestar calculation "when specific circumstances indicate

28

NOTICE OF REMOVAL
CASE NO. _____

1   that the percentage recovery would be either too small or too large in light of the hours

2   devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Arizona*

3   *Citrus Growers,* 904 F. 2d 1301, 1311 (9th Cir. 1990).

4       34.    Here, if the lost earnings, bonuses, deferred compensation and other

5   employment benefits for the alleged race discrimination and gender discrimination

6   results in a damages to each African-American class member of $550 and each female

7   class member of $550, it will exceed a total award of $5,000,000. Based on these

8   potential damages, a fair calculation of attorneys' fees based on 25% of the common

9   fund of total damages puts an additional $1,325,225 in controversy.

10          **4.    The Total Amount In Controversy Exceeds $5,000,000.**

11      35.    Although Defendants deny Plaintiffs' allegations and deny that Plaintiffs,

12   or the classes that they purport to represent, are entitled to any of the relief for which

13   they have prayed, based on the allegations in the Complaint, the amount in controversy

14   easily exceeds the $5,000,000 threshold required for CAFA jurisdiction. As discussed

15   above, conservative calculations of Plaintiffs' claims for lost earnings, bonuses,

16   deferred compensation and other employment benefits, punitive damages, and

17   attorneys fees alone put the amount in controversy at more than $5 million.

18      36.    Neither the "home state exception" nor the "local controversy" exception

19   to CAFA apply or compel the Court to decline jurisdiction. 28 U.S.C. §

20   1332(d)(4)(B); 28 U.S.C. § 1332(d)(4)(A). Although Plaintiffs allege that BCC and

21   ABC are California residents, they allege no other facts to meet either exception after

22   the addition of WC and WCoC as defendants. Specifically, the allegations in

23   Plaintiffs' Complaint do not meet their burden to show that BCC or ABC is a primary

24   defendant or that they are defendants from whom Plaintiffs seek "significant" relief.

25      37.    Because diversity of citizenship exists—the Plaintiffs, being citizens of

26   the State of California, and Defendant WC, being a citizen of the State of Indiana —

27   and because the amount in controversy exceeds $5,000,000, this Court has original

28

NOTICE OF REMOVAL

CASE NO. _____

1  jurisdiction of the action pursuant to 28 U.S.C. § 1332(d)(2).  This action is therefore a

2  proper one for removal to this Court.

3  ## VENUE

4      38.    Venue lies in the Central District of this Court pursuant to 28 U.S.C. §§

5  1441 and 1446(a) because this action is being removed from the Superior Court of the

6  State of California, County of Los Angeles.  Defendants therefore remove this action

7  to the United States District Court for the Central District of California.

8  ## TIMELINESS OF REMOVAL

9      39.    Plaintiffs personally served through Defendants' agent for service of

10  process the Summons and Complaint in this action on WC and WCoC on May 21,

11  2014.  This Notice of Removal is timely as it is filed within thirty (30) days of the

12  purported service on WC and WCoC of a copy of the Summons and Complaint.  28

13  U.S.C. § 1446(b).  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

14  354 (1999).

15  ## NOTICE OF REMOVAL

16      40.    This Notice of Removal will be promptly served on Plaintiffs as well as

17  filed with the Clerk of the Superior Court of the State of California in and for the

18  County of Los Angeles.

19      41.    In compliance with 28 U.S.C. § 1446(a), true and correct copies of all

20  "process, pleadings, and orders served" upon Defendants in the action are filed

21  concurrently with this Notice of Removal.

22      WHEREFORE, Defendants request that the above action pending before the

23  Superior Court of the State of California for the County of Los Angeles be removed to

24  the United States District Court for the Central District of California.

25

26

27

28

12

17477445v.1

1    DATED:  June 19, 2014                    SEYFARTH SHAW LLP

2

3                                             By: _____

4                                             Jill A. Porcaro
                                              Attorneys for Defendants
5                                             BLUE CROSS OF CALIFORNIA,
                                              ANTHEM BLUE CROSS LIFE AND
6                                             HEALTH INSURANCE COMPANY,
                                              THE WELLPOINT COMPANIES, INC.
7                                             and THE WELLPOINT COMPANIES
                                              OF CALIFORNIA, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    13

                                              NOTICE OF REMOVAL
                                              CASE NO. _____

Exhibit A

1   André E. Jardini (State Bar No. 71335)
    aej@kpclegal.com
2   K.L. Myles (State Bar No. 243272)
    klm@kpclegal.com
3   KNAPP, PETERSEN & CLARKE
    550 North Brand Boulevard, Suite 1500
4   Glendale, California 91203-1922
    Telephone: (818) 547-5000/Facsimile: (818) 547-5329
5
    Michael S. Duberchin (State Bar No. 108338)
6   msdlaw@earthlink.net
    LAW OFFICES OF MICHAEL S. DUBERCHIN
7   P.O. Box 8806
    Calabasas, CA 91372
8   Telephone: (818) 223-8700/Facsimile: (818) 223-8788

9   Alan R. Burman (State Bar No. 200900)
    burmanlaw@att.net
10  LAW OFFICES OF ALAN R. BURMAN
    6454 Van Nuys Boulevard, Suite 150
11  Van Nuys, California 91401
    Telephone: (818) 994-2048/Facsimile: (818) 475-5383
12
    Attorneys for Plaintiffs
13  EBONY BRIDEWELL-SLEDGE and BETTIE PERRY,
    as individuals, on behalf of themselves and all others
14  similarly situated

15

16                SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                      COUNTY OF SAN FRANCISCO

18  EBONY BRIDEWELL-SLEDGE and      )   NO.  CGC-11-515251
    BETTIE PERRY, as individuals, on behalf of )
19  themselves and all others similarly situated,  )   CLASS ACTION
                                    )
20          Plaintiffs,             )   COMPLAINT FOR DAMAGES:
                                    )
21      v.                          )   1. Employment Discrimination (Pay -
                                    )   Race) (Gov. Code 12900, et seq.)
22  BLUE CROSS OF CALIFORNIA, a     )
    California corporation; ANTHEM BLUE  )   2. Employment Discrimination (Pay -
23  CROSS LIFE AND HEALTH INSURANCE  )   Gender) (Gov. Code 12900, et seq.)
    COMPANY, a California corporation; and  )
24  DOES 1 through 50, inclusive,   )   3. Violation of California Equal Pay Act
                                    )   (Cal. Labor Code 1197.5)
25          Defendants.             )
                                    )   4. Unfair Business Practices (Business &
26                                  )   Professions Code 17200 et seq.)
                                    )
27  _____ )

28

KNAPP,
PETERSEN
& CLARKE

                                    -1-
                            *COMPLAINT FOR DAMAGES*

PREFATORY ALLEGATIONS

Plaintiffs EBONY BRIDEWELL-SLEDGE and BETTIE PERRY, as individuals, on behalf of themselves and all others similarly situated, complain and allege as follows:

PARTIES AND JURISDICTION

1. Plaintiff EBONY BRIDEWELL-SLEDGE, an African American woman (hereinafter referred to as "BRIDEWELL") is, and at all times relevant hereto was, a resident of the County of Los Angeles, State of California and a member of a class of persons protected by California law from race and gender discrimination in employment.

2. Plaintiff BETTIE PERRY, an African American woman (hereinafter referred to as "PERRY") is, and at all times relevant hereto was, a resident of the County of Los Angeles, State of California and a member of a class of persons protected by California law from race and gender discrimination in employment.

3. Defendant BLUE CROSS OF CALIFORNIA, (hereinafter referred to as "BLUE CROSS") is, and at all times relevant was, a California corporation, authorized and licensed to do, and was doing business, throughout the State of California, including within the County of San Francisco. Defendant BLUE CROSS is a "person" as defined in California Labor Code section 18 and California Business and Professions Code section 17201. In addition, Defendant BLUE CROSS is an "employer" as that term is used in the California Labor Code, and The California Code of Regulation section 11040.

4. Defendant ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, (hereinafter referred to as "ANTHEM") is, and at all times relevant was, a California corporation, authorized and licensed to do, and was doing business, throughout the State of California, including within the County of San Francisco. Defendant ANTHEM is a "person" as defined in California Labor Code section 18 and California Business and Professions Code section 17201. In addition, Defendant ANTHEM is an "employer" as that term is used in the California Labor Code, and The California Code of Regulation section 11040.

////

KNAPP, PETERSEN & CLARKE

-2-
COMPLAINT FOR DAMAGES

1     5.     The true names and capacities of defendants named herein as DOES 1

2  through 50, inclusive, whether individual, corporate or otherwise are unknown to

3  PLAINTIFFS.  PLAINTIFFS will amend this complaint, setting forth the true names and

4  capacities of the fictitious defendants when they are ascertained.  PLAINTIFFS are

5  informed and believe, and based thereon allege, that each of the fictitious defendants has

6  participated in the acts alleged in this complaint to have been done by named defendants.

7     6.     Plaintiffs BRIDEWELL and PERRY have each filed complaints of

8  discrimination with the State of California Department of Fair Employment and Housing

9  against Defendants within the applicable statutory period.  The Department has issued a

10  Notice of Right to Sue to each plaintiff, collectively attached hereto as exhibit A, and

11  PLAINTIFFS have filed this Complaint within one year from the date of the issuance of

12  said Notices.

13     7.     A complaint was filed in Los Angeles Superior Court on December 18, 2007,

14  entitled *Early Strong v. Blue Cross of California, et al.*, bearing case no. BC382405, as a

15  putative class action concerning defendant's unlawful race based employment practices.

16  Judgment was entered April 4, 2011.

17     8.     PLAINTIFFS are informed and believe and based thereon allege that each

18  defendant herein is now, and at all times relevant hereto was, the agent, employee, servant,

19  employer or alter ego of each of the other Defendants herein and, in doing the things

20  hereinafter alleged, was acting within the course and scope of such employment, agency,

21  servitude, or alter ego relationship except where designated otherwise.

22     9.     This is an individual and a representative action pursuant to California Code

23  of Civil Procedure section 382 brought by PLAINTIFFS against Defendants, alleging

24  unlawful employment discrimination in pay in violation of Government Code 12900 et seq.,

25  violation of California Labor Code 1197.5, and unfair business practices.  PLAINTIFFS on

26  behalf of themselves and similarly situated employees seek restitution, disgorgement of

27  profits, statutory penalties, damages, an injunction, attorneys' and expert fees, and costs of

28  suit. The similarly situated employees which PLAINTIFFS seek to represent is composed

KNAPP,
PETERSEN
& CLARKE

-3-
*COMPLAINT FOR DAMAGES*

1 | of and defined as the following classes:

2 |         <u>CLASS A</u>:  All African-Americans employed by

3 |         Defendants within the State of California from September 2007

4 |         through the present.

5 |         <u>CLASS B</u>:  All female employees employed by Defendants within the

6 |         State of California from September 2007 through the present.

7 |     10.    There is a well-defined community of interests in the litigation and the

8 | similarly situated employees are easily ascertainable.

9 |     11.    The similarly situated employees are so numerous that the individual joinder

10 | of all members is impracticable under the circumstances of this case. PLAINTIFFS are

11 | informed and believe that Defendants, and each of them, employed more than 50 African-

12 | Americans and more than 50 females during the past four years.

13 |     12.    Common questions of law and fact exist as to all members of the similarly

14 | situated employees and predominate over any questions which affect only individual

15 | employees.  These common questions of law and fact, include, but are not limited to

16 | whether Defendants violated California Government Code section 12900, et seq, and the

17 | corresponding regulations of the California Fair Employment and Housing Commission by

18 | paying its African American employees substantially less than its white employees (Class

19 | A) and by paying its female employees substantially less than its male employees (Class B).

20 | The common factual and legal questions so clearly predominate that class treatment is

21 | appropriate.  Further common questions include whether BLUE CROSS violated California

22 | Labor Code Section 1197.5 by paying its female employees at a wage less than that paid to

23 | employees of the opposite sex working in the same establishment and performing equal

24 | work, and whether such practices constitute unfair business practices.

25 |     13.    PLAINTIFFS' claims are typical of the claims of the similarly situated

26 | employees. PLAINTIFFS and all similarly situated employees sustained damages arising

27 | out of Defendants' common course of conduct in violation of FEHA law and California

28 | labor laws in failing to properly pay African-American and female employees such that

KNAPP,
PETERSEN
& CLARKE

-4-
*COMPLAINT FOR DAMAGES*

1  their pay was at a wage rate equal to the white employees and employees of the opposite

2  sex. The damages to each similarly situated employee was caused by the Defendants'

3  wrongful conduct in violation of California Government Code section 12900, et seq, and

4  the corresponding regulations of the California Fair Employment and Housing Commission

5  and California Constitution Article 1, Section 8, as well as California labor code section

6  1197.5. PLAINTIFFS and each member of the class have been damaged and are entitled to

7  recovery as a result of the common course of conduct of Defendant.

8      14.    PLAINTIFFS will fairly and adequately protect the interests of the similarly

9  situated employees. PLAINTIFFS reside in California and are or were employed by

10 Defendants. PLAINTIFFS have retained counsel who has substantial experience in the

11 prosecution discrimination cases and in the prosecution of California Business and

12 Professions Code section 17200 et seq. actions.

13     15.    A Class Action is superior to other available means for the fair and efficient

14 adjudication of this controversy, since the individual joinder of all similarly situated

15 employees is impracticable. A Class Action will permit a large number of similarly

16 situated persons to prosecute their common claims in a single forum simultaneously,

17 efficiently, and without the unnecessary duplication of effort and expense that numerous

18 individual actions would engender. Furthermore, as the damage suffered by each similarly

19 situated employee may be comparatively small, on a relative basis, the expenses and burden

20 of individual litigation would make it difficult or impossible for each of the similarly

21 situated employees to redress the wrongs done to them. Moreover, an important public

22 benefit will be realized by addressing the matter as a Class Action. The cost to the court

23 system of adjudication of such individualized litigation would be substantial.

24 Individualized litigation would also present the potential for inconsistent or contradictory

25 judgments.

26     16.    PLAINTIFFS are unaware of any difficulties that are likely to be encountered

27 in the management of this action that would preclude its maintenance as a Class Action

28 proceeding.

KNAPP,
PETERSEN
& CLARKE

COMPLAINT FOR DAMAGES

1    17.    PLAINTIFFS seek to represent a class of California only current and former

2    employees of Defendants.

3    18.    Plaintiff BRIDEWELL is a former employee of Defendants.  BRIDEWELL

4    is an African American and a member of a protected class.  BRIDEWELL is also a female

5    and a member of a protected class.

6    19.    Plaintiff PERRY is a former employee of Defendants.  PERRY is an African

7    American and a member of a protected class.  PERRY is also a female and a member of a

8    protected class.

9    20.    Defendants employs and/or employed BRIDEWELL and PERRY, and

10   similarly situated employees without providing them pay at a wage rate equal to white

11   employees working in the same establishment and performing equal work.

12   21.    Defendants employs and/or employed BRIDEWELL and PERRY, and

13   similarly situated employees without providing them pay at a wage rate equal to male

14   employees working in the same establishment and performing equal work.

15   22.    Defendants' failure to equally pay PLAINTIFFS and the putative class is

16   unlawful. Defendants have has engaged in a pattern or practice of failing to comply with the

17   state laws regarding anti-race and anti-sex discrimination in employment.

18                              **FIRST CAUSE OF ACTION**

19   (Employment Discrimination Based On Race As Against All Defendants, Brought By All

20                         PLAINTIFFS On Behalf Of CLASS A)

21   23.    PLAINTIFFS hereby incorporate Paragraphs 1 through 22 inclusive, above,

22   as if fully set forth herein by reference.

23   24.    PLAINTIFFS and the putative class described herein as CLASS A have

24   unlawfully been denied equal pay on the basis of race.

25   25.    Defendants have engaged in endemic, pervasive race based employment

26   discrimination in pay by consistently paying its African American employees at a wage rate

27   less than that paid to its white employees working in the same establishment and

28   performing the same work on jobs requiring equal skill, effort and responsibility and which

KNAPP,
PETERSEN
& CLARKE

-6-
*COMPLAINT FOR DAMAGES*

1    were performed under similar working conditions. This differential was based on only one

2    factor, the race of PLAINTIFFS and the putative class.

3         26.    African American employees of Defendants receive significantly less in terms

4    of pay than their white counterparts, who are otherwise the same in terms of age, education,

5    and years of service.

6         27.    PLAINTIFFS have exhausted all administrative remedies.

7         28.    This is an action authorized and instituted pursuant to FEHA, California

8    Government Code section 12900, et seq,. The jurisdiction of this Court is invoked for said

9    Claim pursuant to Government Code sections 12960, 12962, and 12965.

10         29.    PLAINTIFFS were, and at all times material hereto, employees of

11    Defendants.

12         30.    At all times mentioned in the complaint, Defendants, and each of them,

13    employed five (5) or more persons, bringing Defendants within the provisions of California

14    Government Code section 12940 (a) which prohibits employers or their agents from

15    discriminating against employees in the terms, conditions, or privileges of employment on

16    the basis of race.

17         31.    As a proximate result of Defendants' discriminatory conduct against

18    PLAINTIFFS, PLAINTIFFS and the putative class have suffered and continue to suffer

19    substantial losses incurred in earnings, bonuses, deferred compensation and other

20    employment benefits in the amount of at least $25,000.00, according to proof at time of

21    trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as an

22    unlimited civil action. PLAINTIFFS claim such amounts as damages together with

23    prejudgment interest from the date of filing this action pursuant to California Civil Code

24    section 3281 and/or section 3288 and/or any other provision of law providing for

25    prejudgment interest.

26         32.    Pursuant to California Government Code section 12965(b), PLAINTIFFS

27    request the award of attorneys' fees and expert witnesses against Defendants, and each of

28    them.

KNAPP,
PETERSEN
& CLARKE

## SECOND CAUSE OF ACTION

(Employment Discrimination Based On Gender As Against All Defendants, Brought By All PLAINTIFFS On Behalf Of CLASS B)

33. PLAINTIFFS hereby incorporate Paragraphs 1 through 22 inclusive, above, as if fully set forth herein by reference.

34. PLAINTIFFS and the putative class described herein as CLASS B have unlawfully been denied equal pay on the basis of sex.

35. Defendants have engaged in endemic, pervasive sex based employment discrimination in pay by consistently paying its female employees at a wage rate less than that paid to its male employees working in the same establishment and performing the same work on jobs requiring equal skill, effort and responsibility and which were performed under similar working conditions. This differential was based on only one factor, the sex of PLAINTIFFS and the putative.

36. Female employees of Defendants receive significantly less in terms of pay than their male counterparts, who are otherwise the same in terms of age, education, and years of service.

37. PLAINTIFFS have exhausted all administrative remedies.

38. This is an action authorized and instituted pursuant to FEHA, California Government Code section 12900, et seq,. The jurisdiction of this Court is invoked for said Claim pursuant to Government Code sections 12960, 12962, and 12965.

39. PLAINTIFFS were, and at all times material hereto, employees of Defendants.

40. At all times mentioned in the complaint, Defendants, and each of them, employed five (5) or more persons, bringing Defendants within the provisions of California Government Code section 12940 (a) which prohibits employers or their agents from discriminating against employees in the terms, conditions, or privileges of employment on the basis of sex.

////

KNAPP, PETERSEN & CLARKE

-8-
*COMPLAINT FOR DAMAGES*

1    41.    As a proximate result of Defendants' discriminatory conduct against

2  PLAINTIFFS, PLAINTIFFS and the putative class have suffered and continue to suffer

3  substantial losses incurred in earnings, bonuses, deferred compensation and other

4  employment benefits in the amount of at least $25,000.00, according to proof at time of

5  trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as an

6  unlimited civil action.  PLAINTIFFS claim such amounts as damages together with

7  prejudgment interest from the date of filing this action pursuant to California Civil Code

8  section 3281 and/or section 3288 and/or any other provision of law providing for

9  prejudgment interest.

10    42.    Pursuant to California Government Code section 12965(b), PLAINTIFFS

11  request the award of attorneys' fees and expert witnesses against Defendants, and each of

12  them.

13                              **THIRD CAUSE OF ACTION**

14    (Violation of California Equal Pay Act, Cal. Labor Code Section 1197.5, As Against All

15                   Defendants, Brought By All PLAINTIFFS On Behalf Of Class B)

16    43.    Defendants discriminated against PLAINTIFFS and the putative class by

17  refusing to pay them at a wage rate equal to the employees of the opposite sex working in

18  the same establishment and performing equal work on jobs requiring equal skill, effort, and

19  responsibility and which were performed under similar working conditions.  This

20  differential was based on only one factor, sex.  In doing so, Defendants violated California

21  Labor Code Section 1197.5.

22    44.    As a direct and proximate result of Defendant's differential payment of wages

23  and other discriminatory conduct, which was based solely on sex, PLAINTIFFS and the

24  putative class (Class B) have lost substantial employment benefits with Defendant,

25  including lost wages, and other employee benefits in an amount in excess of $25,000, the

26  precise amount of which will be proven at trial, which is in excess of the jurisdictional

27  minimum for this lawsuit to qualify as an unlimited civil action.  PLAINTIFFS claim such

28  amounts as damages together with prejudgment interest from the date of filing this action

KNAPP,
PETERSEN
& CLARKE

1   pursuant to California Civil Code section 3281 and/or section 3288 and/or any other
2   provision of law providing for prejudgment interest.

3          45.     In addition to the damages claimed above to which PLAINTIFFS and the
4   putative Class (Class B) are entitled, PLAINTIFFS are also entitled to liquidated damages
5   equivalent to the amount of lost wages, together with reasonable attorney's fees, expert
6   witness fees, and costs of suit in pursuing this action.

7                              **FOURTH CAUSE OF ACTION**
8               (Violation Of Business And Professions Code Section 17200 et seq.
9             By All PLAINTIFFS As Against All Defendants, Brought On Behalf Of
10                                  CLASS A And Class B)

11         46.     PLAINTIFFS and similarly situated employees hereby replead and reallege,
12  paragraphs 1 through 45, inclusive, above as if fully set forth herein by reference.

13         47.     California Business and Professions Code section 17200 et seq. prohibits
14  unfair competition in the form of any unlawful, unfair, deceptive or fraudulent business
15  practice.

16         48.     At least since four (4) years prior to the filing of this lawsuit, Defendants,
17  committed unlawful acts as defined by California Business and Professions Code section
18  17200 et seq.

19         49.     The violation of these laws serve as unlawful predicate acts for purposes of
20  California Business and Professions Code section 17200 et seq., and remedies are provided
21  therein under California Business and Professions Code section 17203.

22         50.     The acts and practices described in this Complaint constitute unlawful, unfair
23  and fraudulent business practices, and unfair competition, within the meaning of California
24  Business and Professions Code section 17200 et seq.

25         51.     California Business and Professions Code section 17203 provides that the
26  Court may restore to any person in interest any money or property which may have been
27  acquired by means of such unfair competition and order disgorgement of all profits gained
28  by Defendants by operation of the practices alleged therein. PLAINTIFFS and similarly

KNAPP,
PETERSEN
& CLARKE

-10-
*COMPLAINT FOR DAMAGES*

1  situated employees are entitled to restitution pursuant to California Business and

2  Professions Code sections 17203 and 17208 for all wages lost as a result of being denied

3  equal pay on the basis of race and sex.

4      52.    PLAINTIFFS' success in this action will enforce important rights affecting

5  the public interest, and in that regard, PLAINTIFFS sue on behalf of similarly situated

6  employees and the public as well as on behalf of themselves.  PLAINTIFFS and similarly

7  situated employees, seek and are entitled to equal pay, back wages lost as a result of being

8  denied equal pay, injunctive relief, and all other remedies owing.

9      53.    Injunctive relief is necessary and appropriate to prevent Defendants from

10  repeating its wrongful business practices alleged herein above.

11     54.    PLAINTIFFS herein take upon themselves the enforcement of these laws and

12  lawful claims.  There is a financial burden incurred in pursuing this action and it would be

13  against the interests of justice for PLAINTIFFS to pay attorney's fees from the recovery in

14  this action.  Therefore, attorney's fees are appropriate pursuant to California Code of Civil

15  Procedure section 1021.5.

16     WHEREFORE, PLAINTIFFS pray as follows:

17  **FIRST CAUSE OF ACTION:**

18     1.    For compensatory damages for past and future lost wages, in an amount in

19  excess of $25,000.00, according to proof;

20     2.    For consequential damages according to proof;

21     3.    For general damages according to proof;

22     4.    For attorney's fees and costs, including expert witness fees, pursuant to

23  California Government Code section 12965 according to proof.

24  **SECOND CAUSE OF ACTION:**

25     5.    For compensatory damages for past and future lost wages, in an amount in

26  excess of $25,000.00, according to proof;

27     6.    For consequential damages according to proof;

28     7.    For general damages according to proof;

KNAPP,
PETERSEN
& CLARKE

-11-
*COMPLAINT FOR DAMAGES*

1      8.     For attorney's fees and costs, including expert witness fees, pursuant to

2 California Government Code section 12965 according to proof.

3 **THIRD CAUSE OF ACTION:**

4      9.     For compensatory damages for past and future lost wages, in an amount in

5 excess of $25,000.00, according to proof;

6      10.    For consequential damages according to proof;

7      11.    For general damages according to proof;

8      12.    For attorney's fees and costs, including expert witness fees, pursuant to

9 California Government Code section 12965 according to proof.

10 **FOURTH CAUSE OF ACTION:**

11     13.    For restitution of all monies due to PLAINTIFFS and similarly situated

12 employees for all wages lost as a result of being denied equal pay on the basis of race and

13 gender according to proof;

14     14.    Pursuant to California Business and Professions Code section 17203, and

15 pursuant to the equitable powers of this Court, PLAINTIFFS and similarly situated

16 employees pray that Defendants, and each of them, be ordered to restore to the general

17 public all funds acquired by means of any act or practice declared by this Court to be

18 unlawful or fraudulent or to constitute unfair competition under California Business and

19 Professions Code section 17200 et seq.;

20     15.    For preliminary, permanent and mandatory injunctive relief prohibiting

21 Defendant BLUE CROSS its officers, agents, and all those acting in concert with them,

22 from committing in the future those violations of law herein alleged;

23     16.    For an order imposing all statutory and/or civil penalties provided by law;

24     17.    For an award of reasonable attorneys' fees as provided by California Labor

25 Code section 218.5, California Code of Civil Procedure section 1021.5, and otherwise

26 provided by law.

27 ////

28 ////

KNAPP,
PETERSEN
& CLARKE

-12-
*COMPLAINT FOR DAMAGES*

**FOR ALL CAUSES OF ACTION:**

18.   For prejudgment interest for liquidated damages;

19.   For cost of suit incurred herein;

20.   For punitive damages in an amount according to proof; and

21.   For such other and further relief as this Court may deem proper.


Dated:  October 19, 2011                    KNAPP, PETERSEN & CLARKE


By: _____
André E. Jardini
K.L. Myles
Attorneys for Plaintiffs
EBONY BRIDEWELL-SLEDGE
AND BETTIE PERRY, as individuals,
on behalf of themselves and all others
similarly situated

KNAPP,
PETERSEN
& CLARKE

-13-
*COMPLAINT FOR DAMAGES*

# * * * EMPLOYMENT * * *

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH #     E201011R8073-00 |
|---|---|
| | DFEH USE ONLY |

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| **BRIDEWELL-SLEDGE, EBONY** | **(310)703-9179** |

| ADDRESS |
|---|
| **536 RAINBOW TERRACE** |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **PALMDALE, CA 93551** | **LOS ANGELES** | **037** |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| **BLUE CROSS OF CALIFORNIA** | **(818)703-3850** |

| ADDRESS | DFEH USE ONLY |
|---|---|
| **21555 OXNARD STREET** | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **WOODLAND HILLS, CA 91367** | **LOS ANGELES** | **037** |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month,day, and year) | RESPONDENT CODE |
|---|---|---|
| **3000+** | **08/01/2010** | **00** |

THE PARTICULARS ARE:

I allege that on about or before
08/01/2010 , the following
conduct occurred:

| | |
|---|---|
| ____ termination | ____ denial of employment |
| ____ laid off | ____ denial of promotion |
| ____ demotion | ____ denial of transfer |
| ____ harassment | ____ denial of accommodation |
| ____ genetic characteristics testing | ____ failure to prevent discrimination or retaliation |
| ____ constructive discharge (forced to quit) | ____ retaliation |
| ____ impermissible non-job-related inquiry | ____ other (specify) _____ |

| |
|---|
| ____ denial of family or medical leave |
| ____ denial of pregnancy leave |
| _X_ denial of equal pay |
| ____ denial of right to wear pants |
| ____ denial of pregnancy accommodation |

by     **BLUE CROSS OF CALIFORNIA**

Name of Person         Job Title (supervisor/manager/personnel director/etc.)

because of :

| | | |
|---|---|---|
| _X_ sex | ____ national origin/ancestry | ____ disability (physical or mental) |
| ____ age | ____ marital status | ____ medical condition (cancer or |
| ____ religion | ____ sexual orientation | generic characteristic |
| _X_ race/color | ____ association | ____ other (specify) _____ |

| |
|---|
| ____ retaliation for engaging in protected |
| activity or requesting a protected |
| leave or accommodation |

State of what you believe to be the reason(s) for discrimination

THERE IS A PAY DISPARITY BETWEEN AFRICAN-AMERICAN EMPLOYEES AND WHITE EMPLOYEES, AS WELL AS BETWEEN FEMALE AND MALE EMPLOYEES. THIS IS AN INDIVIDUAL AND CLASS COMPLAINT.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 06/07/2011

At Palmdale, CA

DATE FILED:   **06/07/2011**

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

Phyllis W. Cheng, Director

1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

June 07, 2011

BRIDEWELL-SLEDGE, EBONY
536 RAINBOW TERRACE
PALMDALE, CA 93551

RE:  E201011R8073-00
     BRIDEWELL-SLEDGE/BLUE CROSS OF CALIFORNIA

Dear BRIDEWELL-SLEDGE, EBONY:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 07, 2011 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

# AMENDED

## * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #     E201011R5646-00

DFEH USE ONLY

### CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| PERRY, BETTIE  INDIVIDUAL AND CLASS ACTION | (818)359-5920 |

ADDRESS

9406 1/2 NOBLE AVENUE

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| NORTH HILLS, CA 91343 | LOS ANGELES | 037 |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| BLUE CROSS OF CALIFORNIA | (818)234-2345 |

| ADDRESS | |
|---|---|
| 21555 OXNARD STREET | DFEH USE ONLY |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| WOODLAND HILLS, CA 91367 | LOS ANGELES | 037 |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE | |
|---|---|---|---|
| 3000+ | 02/03/2010 | 00 | |

THE PARTICULARS ARE:

I allege that on about or before
02/03/2010 , the following
conduct occurred:

**"AMENDED"**

| | | |
|---|---|---|
| ____ termination | ____ denial of employment | ____ denial of family or medical leave |
| ____ laid off | _X_ denial of promotion | ____ denial of pregnancy leave |
| ____ demotion | ____ denial of transfer | _X_ denial of equal pay |
| ____ harassment | ____ denial of accommodation | ____ denial of right to wear pants |
| ____ genetic characteristics testing | ____ failure to prevent discrimination or retaliation | ____ denial of pregnancy accommodation |
| ____ constructive discharge (forced to quit) | ____ retaliation | |
| ____ impermissible non-job-related inquiry | ____ other (specify) _____ | |

by    BLUE CROSS OF CALIFORNIA .

Name of Person                    Job Title (supervisor/manager/personnel director/etc.)

because of :

| | | |
|---|---|---|
| _X_ sex | ____ national origin/ancestry | ____ disability (physical or mental) | ____ retaliation for engaging in protected |
| ____ age | ____ marital status | ____ medical condition (cancer or | activity or requesting a protected |
| ____ religion | ____ sexual orientation | generic characteristic | leave or accommodation |
| _X_ race/color | ____ association | ____ other (specify) _____ | |

State of what you
believe to be the
reason(s) for
discrimination

THERE IS PAY DISPARITY BETWEEN BLACK EMPLOYEES AND CAUCASIAN EMPLOYEES. THIS IS AN INDIVIDUAL AND CLASS COMPLAINT.

THERE IS A PAY DISPARITY BETWEEN FEMALE EMPLOYEES AND MALE EMPLOYEES.
THERE IS RACE DISCRIMINATION IN PROMOTIONS FAVORING CAUCASIAN EMPLOYEES OVER BLACK EMPLOYEE
THIS IS AN INDIVIDUAL AND CLASS COMPLAINT.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 11/04/2010

At  North Hills, California

**RECEIVED**

FEB 16 2011

DATE FILED:  11/04/2010

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

Amended Date:  2/16/11

Department of Fair Employment and Housing
STATE OF CALIFORNIA



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

Phyllis W. Cheng, Director

November 04, 2010

PERRY, BETTIE  INDIVIDUAL AND CLASS ACTION
9406 1/2 NOBLE AVENUE
NORTH HILLS, CA 91343

RE:   E201011R5646-00
       PERRY/BLUE CROSS OF CALIFORNIA

Dear PERRY, BETTIE  INDIVIDUAL AND CLASS ACTION:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective November 04, 2010 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Tina Walker

Tina Walker
District Administrator

cc:    Case File

DAVID IBARRA
DIR. PERSONNEL
BLUE CROSS OF CALIFORNIA
21555 OXNARD STREET
WOODLAND HILLS, CA 91376

DFEH-200-43 (06/06)

# PROOF OF SERVICE

STATE OF CALIFORNIA )
                           ) ss
COUNTY OF LOS )
ANGELES

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park Ease, Suite 3500, Los Angeles, California 90067. On June 19, 2014, I served the within documents:

## DEFENDANTS' NOTICE OF REMOVAL

X     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

Alan R. Burman
Law Offices of Alan R. Burman
6454 Van Nuys Blvd., Suite 150
Van Nuys, California 91401
burmanlaw@att.net
Fax: 818.475.5383

Andre E. Jardini
Knapp Petersen & Clarke
550 N. Brand Blvd., Suite 1500
Glendale, California 91203
aej@kpclegal.com
Fax: 818.547.5329

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

    I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on June 19, 2014, at Los Angeles, California.

                                 Jodi Snyder

15664151v.2

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS )
ANGELES

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park Ease, Suite 3500, Los Angeles, California 90067. On June 19, 2014, I served the within documents:

**NOTICE OF REMOVAL**

X    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

Alan R. Burman
Law Offices of Alan R. Burman
6454 Van Nuys Blvd., Suite 150
Van Nuys, California 91401
burmanlaw@att.net
Fax: 818.475.5383

Andre E. Jardini
Knapp Petersen & Clarke
550 N. Brand Blvd., Suite 1500
Glendale, California 91203
aej@kpclegal.com
Fax: 818.547.5329

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

    I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on June 19, 2014, at Los Angeles, California.

Jodi Snyder

15664151v.2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

EBONY BRIDEWELL-SLEDGE and BETTIE PERRY as individuals on behalf of themselves and all others similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

BLUE CROSS OF CALIFORNIA a California corporation; ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY a California corporation and DOES 1 through 50, Inclusive

**(b) County of Residence of First Listed Plaintiff**      Los Angeles

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** _____

*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Andre E. Jardini, K.L. Myles
Knapp, Petersen & Clarke
550 North Brand Boulevard, Suite 1500
Glendale, CA 91203
(818) 547-5000

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Jeffrey A. Wortman, Jill A. Porcaro, Reiko Furuta
Seyfarth Shaw LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067 (310) 277-7200

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §1332(d)(2) (Diversity under CAFA) .

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **BANKRUPTCY** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 896 Arbitration | | ☐ 362 Personal Injury-Med Malpractice | ☐ 440 Other Civil Rights | **LABOR** | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☒ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. | | | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |

**CV14-4744**

| | | | | |
|---|---|---|---|---|
| ☑ Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation ☒ |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act |

**FOR OFFICE USE ONLY:**      Case Number:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes   ☐ No<br><br>If "no," skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | | |
|---|---|---|
| ☐ Yes   ☒ No<br><br>If "no," skip to Question C.  If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | | |
|---|---|---|
| ☐ Yes   ☒ No<br><br>If "no, " skip to Question D.  If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)<br><br>*check one of the boxes to the right* | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1.  Is there at least one answer in Column A? | D.2.  Is there at least one answer in Column B? |
|---|---|
| ☐ Yes   ☒ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br><br>If "no," go to question D2 to the right. ➡ | ☐ Yes   ☒ No<br><br>If "yes," your case will initially be assigned to the EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above ➡ | Western |
| **QUESTION F: Northern Counties?** | |

American LegalNet, Inc.
www.FormsWorkFlow.com

Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? □ Yes  ☒ No

American LegalNet, Inc.
www.FormsWorkFlow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?** ☒ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court?** ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are related when they: (1) arise from the same or a closely related transaction, happening, or event; (2) call for determination of the same or substantially related or similar questions of law and fact; or (3) for other reasons would entail substantial duplication of labor if heard by different judges. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):**  *Jill Parcaro*  DATE: June 19, 2014

Jill A. Porcaro

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA    )
                          )   ss

3

COUNTY OF LOS          )
ANGELES

4

5
    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Seyfarth Shaw LLP, 2029 Century Park Ease, Suite 3500, Los Angeles, California  90067.  On June 19, 2014,

6
I served the within documents:

7

## CIVIL COVER SHEET

8

9    X
    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California

10
addressed as set forth below.

11

Alan R. Burman                          Andre E. Jardini

12
Law Offices of Alan R. Burman      Knapp Petersen & Clarke
6454 Van Nuys Blvd., Suite 150     550 N. Brand Blvd., Suite 1500

13
Van Nuys, California 91401        Glendale, California  91203
burmanlaw@att.net                 aej@kpclegal.com

14
 Fax:  818.475.5383              Fax:  818.547.5329

15

16
    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the

17
U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service

18
is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

19
    I declare that I am employed in the office of a member of the bar of this

20
court whose direction the service was made.

21
    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22
    Executed on June 19, 2014, at Los Angeles, California.

23

24
Jodi Snyder

25

26

27

28

15664151v.2